WADE LITCHFIELD *versus* VINSON LITCHFIELD.

If, by the terms of a bond, it is to be void, upon the failure of the obligee to pay two notes at their maturity, and a strict compliance should be regarded as waived by receiving payment of the first note, the other being also overdue, such waiver would only prolong the payment for a reasonable time.

ON EXCEPTIONS.

THIS was an action of DEBT, on a bond, dated May 1, 1856, given by the defendant for the maintenance of the plaintiff. The obligation contained a provision, that it should be void, if the said Wade Litchfield shall fail to pay his two notes for one hundred dollars each, the first payable in one year, the other in two years, with interest.

This action was commenced on February 16, 1860. The defendant prayed *oyer* of the bond, alleging performance of its conditions on his part, and that the plaintiff had first broken the conditions, on his part to be performed.

The plaintiff offered evidence, which tended to show a breach of the bond, on the part of the defendant, also, that, by a verbal agreement, the defendant, subsequently to the execution of the bond, waived a strict compliance on the part of the plaintiff, as to the time of payment of the two notes named in the bond. That the plaintiff paid the first note to the defendant personally, a part of it, long after the second note had become due, but no part of the second note has been paid.

Upon this evidence, KENT, J., ordered a nonsuit, and the plaintiff excepted.

*Barker*, for the plaintiff. ·

*Waterhouse & Whitney*, for the defendant.

*Per Curiam.*—The bond in question is to be void, if the plaintiff neglects to pay his notes. One of them he has failed to pay. If the time in which to do it was prolonged, still a reasonable time has long since elapsed and the note has not been paid. The nonsuit was properly ordered.

*Exceptions overruled.*